# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DERRECK RYAN GRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-19-13-D |
| ) | |
| STATE OF OKLAHOMA, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter comes before the Court for review of the Report and Recommendation [Doc. No. 16] issued by United States Magistrate Judge Bernard M. Jones pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Plaintiff, a state prisoner who appears *pro se* and proceeding *in forma pauperis,* brought this action pursuant to 42 U.S.C. § 1983. Upon reviewing the sufficiency of the Amended Complaint [Doc. No. 15] pursuant to 28 U.S.C. § 1915(e), Judge Jones recommends that the Amended Complaint [Doc. No. 15] be dismissed without prejudice for failure to state a claim upon which relief may be granted. Plaintiff has filed a timely one-page objection [Doc. No. 17] to the Report and Recommendation. The Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To

survive a Rule 12(b) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).2 "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"Specific facts are not necessary," the pleader's allegations need only provide the "defendant fair notice of what the … claim is and the grounds upon which it rests." *Id*. at 1192 (quoting *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007)) (internal quotations omitted). "*Twombly* and *Iqbal* do not require that the complaint include all facts necessary to carry the plaintiff's burden." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

The entirety of Plaintiff's objection to Judge Jones' determination that he has failed to state a claim upon which relief can be granted is the conclusory statement that "[he] did state a claim which was illegal arrest [and] illegal search/seizure." Objection at 1. Judge Jones concluded that the Amended Complaint fails to "address what the defendant did to violate his rights, when she did it, or how it affected Plaintiff" and that Plaintiff's assertion "that there was an 'illegal arrest' and 'seizure of plaintiff's money'" is a "'mere conclusory statement,' which does not suffice to state a claim." Report at 4. The Court agrees with

Judge Jones' determination and finds that Plaintiff's objection does nothing more than repeat the failings cited by Judge Jones and amounts to no more than another "mere conclusory statement."

Upon *de novo* consideration of the issue raised by Plaintiff's objection, the Court concurs in Judge Jones' conclusion that Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the Report & Recommendation is **ADOPTED** as though fully set forth herein.

**IT IS SO ORDERED** this 8th day of May 2019.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE